UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Oranda Levelle Hooper, | ) C/A No. 8:13-1954-TMC-JDA |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Mike D. Rushton, *Saluda County Sheriff Office*, | ) |
| Defendant. | ) |

## *Background of this Case*

Plaintiff is a pre-trial detainee at the Saluda County Detention Center. Defendant is a Captain with the Saluda County Sheriff's Office. The Public Index for the Saluda County Clerk of Court Office (www.http://publicindex.sccourts.org/Saluda/PublicIndex/, last visited on July 22, 2013) reveals that, in Indictment No. 2013-GS-41-00240, Plaintiff has been charged with "Murder / Attempted Murder[.]" According to the Public Index, Plaintiff is being represented in his criminal case by W. Greg Seigler, a private attorney in McCormick, South Carolina.

The "STATEMENT OF CLAIM" portion of the Section 1983 Complaint reveals that this civil rights action arises out of Plaintiff's pending criminal case. Plaintiff alleges that Defendant "fabricated lies resulting in [Plaintiff's] current incarceration" by stating in an affidavit that Plaintiff threatened to kill victims in a dwelling. Plaintiff also contends that Defendant has slandered Plaintiff's name. In his prayer for relief, Plaintiff seeks twelve

million dollars in damages for false arrest, false imprisonment, slander, mental stress, and pain and suffering.

## *Discussion*

**Standard of Review for *Pro Se* Complaints**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review[1] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 31–35 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519, 519 (1972)(*per curiam*); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951, 953–56 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70, 71–74 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291, 1295–96 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319, 321–23 (1972)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, a plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Nonetheless, a litigant must plead factual content that allows the court to draw the reasonable inference that the defendant

---

[1]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

or respondent is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 680–84 (2009). Even when considered under this less stringent standard, the Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

**Requirements for a Cause of Action Under Section 1983**

This action is filed pursuant to 42 U.S.C. § 1983, which provides a private cause of action for constitutional violations by persons acting under color of state law. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). Accordingly, a civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).

Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983. To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [the plaintiff] of a right secured by the Constitution and laws of the United States;" and (2) that the defendant "deprived [the plaintiff] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (third alteration in original) (citation and internal quotation marks omitted).

**The Complaint Fails to State a Claim Against Defendant Rushton**.

Although false arrest is a facially valid civil rights claim, *see Wallace v. Kato*, 549 U.S. 384 (2007), Plaintiff's claim for false arrest fails because Plaintiff states that he was arrested on the charge pursuant to an arrest warrant. *See Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998) ("a claim for false arrest may be considered only when no arrest warrant has been obtained"); and *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181–82 (4th Cir. 1996) (when the arresting official makes the arrest with a facially valid warrant, it is not false arrest). Moreover, the issuance of the indictment in No. 2013-GS-41-00240 precludes Plaintiff's claim of false arrest. A grand jury indictment is affirmative evidence of probable cause sufficient to defeat claims for malicious prosecution and false arrest under § 1983. *See Gatter v. Zappile,* 67 F. Supp. 2d 515, 519 (E.D. Pa. 1999) (collecting cases holding that a grand jury indictment is affirmative evidence of probable cause), *aff'd*, 225 F.3d 648 (3d Cir. 2000), and *Sibdhannie v. Coffey*, No. CIV. A. 06-3394(PGS), 2006 WL 3780778, at *3 (D.N.J. Dec. 21, 2006) ("A grand jury indictment is affirmative evidence of probable cause sufficient to defeat claims for malicious prosecution and false arrest

4

under § 1983."), which are cited in *Provet v. South Carolina*, Civil Action No. 6:07-1094-GRA-WMC, 2007 WL 1847849, at *5 (D.S.C. June 25, 2007).[2]

**Plaintiff Cannot Obtain Damages for Slander or Mental Stress.**

In this civil rights action, the plaintiff cannot obtain damages for defamation. An alleged act of defamation of character or injury to reputation is not actionable under 42 U.S.C. § 1983. *Paul v. Davis*, 424 U.S. 693, 697–710 & nn. 3–4 (1976). Secondly, under longstanding South Carolina case law, contents of governmental records – such as judicial proceedings, case reports, published cases, investigative reports, or arrest records – do not give rise to liability for slander or libel. *See Padgett v. Sun News*, 278 S.C. 26, 292 S.E.2d 30, 32–33 (1982); and *Heyward v. Cuthbert*, 15 S.C.L. (4 McCord) 354, 356–59 (1827); *see also* case law interpreting the "fair report" doctrine (press may publish a "fair report" on official government proceedings such as arrest records, court records, or transcripts, even if the contents of those governmental records are defamatory), such as, *e.g.*, *Medico v. Time, Inc.*, 643 F.2d 134, 137–140 (3rd Cir. 1981), where the Court held that a news magazine was privileged to publish a summary of FBI documents identifying the appellant as a member of an organized crime group; *Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469 (1975) (prohibiting invasion of privacy action for publication of public record – name of deceased rape victim); and *Lee v. Dong-A Ilbo*, 849 F.2d 876, 878–880 &

---

[2]The case cited by Plaintiff in the Complaint, *Bay Area Laundry and Dry Cleaning Pension Tr. Fund v. Ferbar Corp.*, 522 U.S. 192, 201 (1997), is not applicable to the above-captioned case. *Bay Area Laundry and Dry Cleaning Pension Tr. Fund v. Ferbar Corp.* was a case brought under the Employee Retirement Income Security Act of 1974 ("ERISA") and concerned the date on which the statute of limitations began with respect to a cause of action for an employer's unpaid withdrawal liability.

nn. 1–2 (4th Cir. 1988).  Furthermore, civil rights statutes, such as 42 U.S.C. § 1983, do not impose liability for violations of duties of care arising under a state's tort law. *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 200–203 (1989).

As earlier stated, Plaintiff, in his prayer for relief, seeks damages for mental stress. Under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e), Plaintiff is not entitled to relief for emotional or mental stress. *Merriweather v. Reynolds*, 586 F. Supp. 2d at 558–59 (collecting cases).

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without service of process.  Plaintiff's attention is directed to the Notice on the next page.

s/Jacquelyn D. Austin
United States Magistrate Judge

July 22, 2013
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).